Our next case is number 2012-7096 BURDEN v. DVA Okay, Mr. Totaro, is that what you're looking for? Yes, Your Honor. May it please the Court, Martin Totaro from Michelle Burden. I wish to reserve five minutes for rebuttal. There are two issues in this case. First, whether the Veterans Court erred when it refused to apply the benefit of the doubt to the claimant rule when it addressed whether Mrs. Burden was married to Mr. Burden for at least one year before his death. The second issue is whether the Veterans Court erred when it held that the Secretary did not violate his duties to notify and assist Mrs. Burden in obtaining evidence necessary to substantiate her claim. Turning to the first issue, the Supreme Court in Fishgold stated that a court's task when construing separate benefits provisions in a veteran's scheme is to, quote, give each as liberal a construction for the benefit of the veteran as a harmonious interplay of the separate provisions permits. That principle is consistent with the proclaimant canon that veterans' benefits provisions are to be construed in the best beneficiary's favor. That principle is sufficient to reverse the judgment of the Veterans Court. What about the language of the statute, which the government argues is clear on its face that you would have to follow the state burden of proof rules? Your Honor, the Supreme Court has made clear that a court should not isolate one particular statute in the veteran's scheme and read it devoid of any context. Context is king here. In writing context, the benefit of the doubt rule codified at 38 U.S.C. 5107B provides the default background principle for all standards of proof in veterans' claims. Now, there clearly can be departures for that, as this court's decision in Yates demonstrates, but those departures must be clear. Not only is there the default principle of 5107B, there's also the, quote, proof of… I don't know that they – I mean, don't they – in construing a statute here, don't we apply the same principles that we would in any other area until we find that there is ambiguity, which then may invoke the benefit of the doubt standard? I disagree, Your Honor. I think the query for the court is finding ambiguity is a lower threshold for finding ambiguity in other… What case says that? Your Honor, the Supreme Court's recent case in Henderson stands for that principle. There, the court construed rather plain language that said a person shall appeal a veterans' court decision within 120 days, and even though the court – even though the language in that statute said shall, the court construed it as non-jurisdictional. Yeah, but it didn't say jurisdictional. So, I mean, the language of the statute was that it was mandatory. My recollection is the court didn't dispute that, but said even though it's mandatory, it's not jurisdictional. But, Your Honor, in the analogous statute in the civilian non-veteran context, the Hobbs Act uses may – may appeal an agency decision within 60 days, and several courts, including the D.C. Circuit, have held that that is jurisdictional. Another Supreme Court case demonstrating the point is Walton v. Cotton, and that's 155 years old, and it establishes the length to which courts will go in construing ambiguity and finding ambiguity. In that case, specifically, the court read the word children to include grandchildren, primarily because of the pro-claimant canon. Now, this – the Alabama statute required clear and convincing evidence to establish the common law marriage. Yes, Your Honor, we do not – That's pretty clear. Doesn't the court have to apply that language, and didn't they? Your Honor, we do not dispute that Alabama law requires clear and convincing evidence. However, the primary issue on appeal is whether that standard of proof applies in this particular instance. We argue that it does not, primarily because of the benefit-of-the-doubt statute, Section 5107B, also because of the pro-claimant canon, and finally because of the proof-of-marriage regulation, 38 CFR 3.205A. That proof-of-marriage regulation simply would have no meaning. It would either be superfluous or inoperative if, as the Secretary argues – excuse me – if, as the Secretary argues, Section 103C does all the work. Well, the proof-of-marriage regulation doesn't address the burden of proof, right? No, Your Honor, it absolutely doesn't, but it does demonstrate that at least some evidentiary rules come from federal law. The regulation itself says marriage is established by one of the following types of evidence. Now, under the Secretary's construction of Section 103C, that should not be correct. It should say marriage is not established by one of the following types of evidence. You look solely to state law. So there, with Section 3.205A, we see a line has been crossed between state and federal law. Whereas, Wade is under 5107B, the benefit of the deductive claimant rule. So the standard of proof under the state law is irrelevant, in your view? We're not calling it for the federal? Yes, Your Honor. Section 103C incorporates state law elements, but not the state law standard of proof. Is your view that this statute is ambiguous, or is it your view that it clearly favors the veterans? Our view, Your Honor, conceitedly, is that it's ambiguous. Well, if it's ambiguous, don't we have to give Chevron deference to the VA's interpretation? And we're not a – in an ambiguous situation, we don't truly have to no-vote review, right? We give Chevron deference. Two points there, Your Honor. First, the Board of Veterans' Appeals has applied the benefit of the doubt rule in this particular scenario. It wasn't cited in the briefing, but it did come up in preparation for oral argument, and that's at 2012 Westlaw 2880320. Second, neither this court nor the Supreme Court has ever provided Chevron deference to unreasoned decisions that pop up on appeals and that are clear to the opinions of counsel. And third, with respect to – Yes, Your Honor. Well, apart from the brief here, where have they taken the position about the meaning of the statute in terms of the burden of proof issue? They have argued – Your Honor, they have argued it at least below in the Court of Appeals for Veterans' Claims, but not in terms of Chevron deference. No, no, no, no, but is there a statement by the VA interpreting this statute in the respect that we've been talking about on the burden of proof issue? Your Honor, I guess that might be found at 38 CFR 3.1J where they define marriage, but again, that particular regulation doesn't even use the word proof. So the answer is there isn't a VA construction of the statute? Yes, Your Honor. And on to the second issue. I thought it was in the brief. With respect to – Well, wait a minute before you move on. I mean 3.1J says marriage is defined as, quote, a marriage valid under the law of the place where the parties resided at the time of the marriage. If Ms. Burden wasn't able to establish her common law marriage by clear and convincing evidence, then she would not have a marriage valid under the law of the place where she resided at the time of the marriage. So, right? I mean, would she? Would she have – if she can only prove it by a preponderance but not by clear and convincing, does she have a marriage valid under the law of Alabama at the time she was married? Two points there, Your Honor. 3.1J merely parrots the language of Section 103C. And the second point is that the law of the place in the background of the benefit of the doubt principle and the proclaimants canon and the existence of the proof of marriage regulation is at least ambiguous. Does that refer to merely the state law elements or – Does she have, in any common understanding of these words, a marriage valid under Alabama law at the time she was married? Your Honor, only if the statute picks up both the elements and the burden of proof. But it shouldn't do so because under that reasoning, there would be no reason for the proof of marriage regulation to exist. But, I mean, there is in fact a policy reason why the federal government would recognize marriage according to the state rules and not have a different determination as to whether a marriage existed. I know in the – there's an exception to that in the impediment situation. But as a general matter, doesn't it make sense that the federal government would look to state law and reach the same conclusion that the state would about whether there was a marriage? As Your Honor recognizes, the 103C provides and has been construed by the Secretary of the Department of Justice in this court to obviate the need to have standards – to have state law standards govern in this particular scenario. What particular scenario? There is no need for a marriage to be recognized for the narrow purpose of federal veterans benefits purposes – benefits, even if it's not recognized under state law. In other words, it does not matter if a marriage cannot be recognized under state law and it is recognized under federal law. It's just as Section 103A demonstrates, not a concern at issue here. I don't understand your argument. Is that a convoluted way of saying 103 also has a provision by which you can still be recognized as married under the veterans laws, even though you don't meet the state requirements, like in the instance where you are unaware of the requirement, like the first cousin situation? Is that what you're alluding to now? I'm not understanding your response. Sorry. Yes, Your Honor. You said it more precisely than I did. The point there is that Congress, in Section 103A, has already determined that it does not matter if a marriage is recognized for federal benefits purposes. Under 103A, it doesn't matter. Under 103C, though, it clearly does, right? Under 103C, it clearly matters if that's the provision you want relief under. We have moved under 103C, and that would only matter if the law of the place were to include not only elements, but also the standard of proof. Unless Your Honors want me to move to the second issue, I'll reserve the rest of my time for rebuttal. Okay. Thank you. Do you please, the Court? This Court should affirm the Veterans Court's interpretation of Section 103C because it is the only one that accords with the plain language of the statute. We would also ask that the Court dismiss Mrs. Burton's claim that the board or the VA failed to fulfill its duties to notify and assist with respect to 103A. First, with respect to the 103C claim, the language of the statute is clear. Marriage shall be proven as valid for purposes of all laws administered by the Secretary according to the law of the place where the parties resided. The standard definition of the word proven means to show by satisfactory evidence, and that is exactly what the Veterans Court has held here, that to show by satisfactory evidence in accordance with the law of the state includes the burden of proof. Also, as the Veterans Court pointed out, the law relating to familial relationships and marriage is the domain of the state. Has the statute been interpreted by the VA apart from the position that you've taken in the brief? We would argue that the regulation reflects VA's interpretation of the statute. How so? Well, Mrs. Burton's counsel pointed out that 3.205A and 3.205B set forth the types of evidence that could be considered by VA in determining whether a marriage is valid. 3.205B clearly sets forth that in making that determination, the VA has to show that the marriage was valid. And as Judge Moore pointed out, Section 3.1J of the regulation states that the marriage must be valid in accordance with the law of the state. So to the extent that Mrs. Burton is acknowledging that 3.205 talks about evidence and also incorporates state law, then 3.205, a published regulation promulgated by VA, supports its interpretation of the statute. Is there anything in the history of that regulation that suggests that it was interpreting the burden of proof requirement? I am not aware of any. But I would also point out that Mrs. Burton, in her opening brief at footnote 26, cited a predecessor regulation to 3.205, which was 38 CFR Section 3.50F. It was a 1954 regulation that was in effect before Section 103C was even enacted. And it said that, again, the types of evidence submitted would be affidavits and such other evidence as may be required by the laws of the particular state. Now, there is no way that you can argue that the subsequent enactment of a statute basically adopts that regulation. And another regulation that says the evidence you have to submit must be in accordance with the laws of the state doesn't continue that same policy. And that's consistent with Mrs. Burton's interpretation of the earlier regulation. The legislative history of the statute is not exactly clear that they were adopting that provision of the earlier regulation, right? It's not, but to the extent that there's no reason to interpret the statute as not continuing a policy that was in place, there's no indication that it was changing VA's approach towards marriage. And as I stated, the federal government's recognition of the state's domain over law relating to marriage is long-standing. Yeah, but it's a little odd that the language of the regulation wasn't continued after the statute was passed. Well, in effect it was, because Section 3.1J says that marriage means marriage valid for purposes of the laws of the state. And then if you look at 3.205B, it's headed valid marriage. That the types of evidence listed in Section 3.205A may be accepted as establishing a valid marriage provided that such fact, if they were to be corroborated by record evidence, would warrant acceptance of the marriage as valid. To me, or to the government, that's a clear continuation of the regulation that was in effect beforehand. Marriage is not valid unless it meets state law. But the language with respect to the evidence that appeared in the earlier regulation was not continued, right? Not the exact language, but in effect here it's written a little differently, but the new regulation does have that definition of marriage as being in accordance with state law. And then that term marriage is incorporated into 3.205A and B. So that would be our reason why the regulation reflects VA's long-standing interpretation of the statute. But we believe that the statute is clear on its face. And to the extent that Mrs. Burton is arguing that it's inconsistent with 5107B, this Court has determined in Yates that when a different standard is set forth, that 5107B, the benefit of the doubt standard, does not apply. And so here, because it says, must be proven in accordance with state law for purposes of all laws administered by the Secretary, that's clear, plain language, and that's what the Veterans Court held, and there's no reason to reverse that. Are there any particular problems that would be created by the federal government recognizing the marriage for benefits purposes that wasn't valid under state law? I don't – not necessarily, because as Mrs. Burton's counsel pointed out, under Section 103A, there is an exception where a claimant is not aware of a legal impediment to marriage. Has that created any problems in the administration of the benefits law? I am not aware of any, Your Honor. Just to touch briefly on the pro-veteran canon, this Court has repeatedly held that the pro-veteran canon does not come into play unless – until Chevron deference has already been considered. And if applied at all, it's applied in very close cases. Well, we believe that – we think it's clear that this is not a close case. But even setting that aside for a moment, in the Court's Haas v. Peek opinion that came out in 2008, the Court said that it should take care not to invalidate otherwise reasonable agency regulations or laws simply because they do not provide for a pro-claimant outcome in every case. Now here, Mrs. Burton, if 5107B were applied, it's possible that she would get a better outcome. But there could be cases in which a widow or a widow claiming common marriage wants to take advantage of 5107B's benefit of the doubt standard, but there are also children of the veteran from a prior marriage who also think they are entitled to the veteran's benefits. And they would not – they come in second in line to why. So to the extent that at times a veteran's children could be denied the declined benefit in favor of a wife because 5107B is applied instead of the clear and convincing standard, Mrs. Burton's interpretation of 103C does not always have a pro-claimant effect. So for that reason also, the pro-veteran canon should not be applied here. Turning to the second argument made by Mrs. Burton, which Mr. Totaro did not spend a lot of time on, the issue of regarding whether or not Mrs. Burton should have been notified of a potential 103A claim should be dismissed for two reasons. First, it was never raised below. It was not raised before the regional office. It was not raised before the board, and it was not raised before the veterans court. Mrs. Burton admits that she raised it for the first time here. So under prudential considerations in 7292D1, because there was no reliance on that statute, it should not be considered by this court. Even if preserved, though, the court has no jurisdiction over this argument because it requires an application of law to fact. In order to determine whether or not the VA failed in its duties to notify and assist under 5103A, the court would have to determine in this case whether the steps undertaken by the agency fulfilled those statutory requirements, and that's an application of law to fact precluded by 7292D2. Couldn't you say that his argument that the VA has a duty to notify claimants when there is an alternative section with alternative ability to make proof is a question of law, namely whether or not the VA has the obligation of focusing claimants in on other provisions of the act under which they may be entitled to compensation even if they're unaware of them? I mean, why wouldn't that be a question of law? It's not a question of did the VA do it in this case. It's a question of should that even be required. Well, really the question is whether it should have been required in this case because Mrs. Bergen can say that the VA should have notified her of a claim under some totally separate section of the statute. VA can't notify... But wait a minute. No, I think that her argument is she laid out all of the facts demonstrating a common law marriage, and I think that her view, as I understand it, is the VA then ought to tell her under what particular provisions of the code she has to offer proof in order to be able to get benefits as a common law wife. I mean, really it's limited to 103A and 103C as possibilities. So I think her view is not in every case you have to make every veteran aware of every possible, you know, tangentially related thing, but in a case where there really is only a couple of possible provisions, then the veterans court's on notice regarding the underlying facts. And that's as I understand her argument. And that argument has no validity here because in this case, and you can't escape the fact that the facts of this case are that Mrs. Bergen came in and said that she was aware that Alabama permitted common law marriage and that she met the requirements of Alabama's common law marriage. So in order for the VA to know that there was a potential 103A claim out there, which there was not, it would have had to analyze her claim and bring it to the conclusion that you don't meet the requirements of 103C. But even if they did do that, 103A doesn't come into play unless there's a legal impediment to the marriage that the claimant is unaware of. So to the extent that she admitted she knew that Alabama allowed common law marriage, she was taking herself out of the running for 103A. She admitted that the state allowed common law marriage. So there was no way for VA to know that she would later come in and say, well, there was some other legal impediment to my meeting the common law marriage requirements. Clearly, VA has expressed its policy that if a state does not allow common law marriage, you may avail yourself of 103A. Here there was no question that Alabama allowed common law marriage and that Mrs. Burden knew. Mrs. Burden seeks to take it one step further, though, and say, well, even though I knew there was common law marriage, I didn't know I could meet the clear and convincing standard. Basically, what she wants is for the VA to recognize that 103A somehow applies in cases where the claimant simply didn't know that their evidence was insufficient to meet the standard of 103C. Well, if that were the case, then everybody would be able to avail themselves of 103A. If you simply don't meet the standard of 103C and you didn't know you wouldn't meet the standard until that determination was made, then everybody could say that's a legal impediment. I should get the benefit of 103A. There's just no basis. That would basically render 103C superfluous, and it would render superfluous the Congress's recognition that state laws should govern in the vast majority of cases except 103A where there may be some legal impediment, and the key is that the claimant was unaware of it. I understand. It's hard for you at the VA to know what they're aware of and unaware of, but do you have at least an obligation to point to them 103A, to actually point to them the fact that 103A exists and there exists a possibility if there's something you're unaware of for you to obtain it? On a practical matter, in terms of the duty to assist, to what extent do you have to point the veteran to the various sections that they might be eligible for benefits under? Obviously, I can't speak for the VA in every case, but if, for instance, in this case, Mrs. Burden had indicated that she had a common-law marriage but she lived in a state that didn't permit common-law marriage, it's possible that in that case there may have been some sort of – I'm not getting on record to VA for this – some sort of duty to say, look, it's not allowed in your state. You think that would fall in the – well, that would fall clearly in the Lamore setting, right? Yeah. Well, yeah. So under those circumstances, it's possible that the duty to notify and assist may have extended. But in this case, Mrs. Burden was clear. I have a common-law marriage. I know the common-law marriage – my husband and I knew that we had to show a common-law marriage. There was no reason to think that she would later now, when she got to the federal circuit, argue that, oh, wait, I didn't realize that it couldn't meet the clear and convincing standard. So unless the Court has other questions, we would ask that the decisions below be adjourned and that a duty to notify and assist claim be dismissed. Thank you, Ms. Huffman. Mr. Citaro, you've got almost four minutes left here. This Court has warned, quote, that the inflexible application of traditional legal terminology to a unique administrative procedure that doesn't easily succumb to concepts from adversary litigation such as burden of proof, that warning should play a role here. Here, in light of the beneficial structure of the VA scheme, the Court has stated that, quote, there is no room for such adversarial concepts as strict adherence to burden of proof. And that makes sense in light of the Secretary's promulgation of 3.205A. I cannot envision a scenario where 3.205A, where you make proof is established, should play any role whatsoever if the Secretary's position is correct that 103C incorporates all elements from state law. The only way for there to be a, quote, is to have the state law elements come from 103C, but the burden of proof or the standard of proof come from 5107B, and the other evidentiary rules as they are come from 38 CFR 3.205. Moving to the second issue, the Secretary has violated his duties to notify and assist Mrs. Burden even if the clear and convincing standard of proof applies. As the Secretary noted, when Mrs. Burden files her initial application, the Secretary knew that she could not meet the one-year requirement through a ceremonial marriage because they were married two months before Mr. Burden died. But the Secretary also knew that Mrs. Burden believed she had entered into a common law. What was the Secretary supposed to tell her? Pardon? What was the Secretary supposed to tell her? As Judge Moore stated before, once the Secretary knew that the only avenue for relief was a common law marriage, that could be established in one of two ways, 103A or 103C. And the Secretary should have, at a minimum, once it was on notice that Mrs. Burden was seeking to establish a marriage through common law, notified her that, yes, it can be established through common law, but it can also be- Well, how could she have proceeded under 103A? I'm sorry, Your Honor? How could she have proceeded under 103A since Alabama recognizes common law marriage? Your Honor, no case has ever held that a legal impediment would not include a state that recognizes a common law marriage, but it does include a state that does- I don't understand. What's the impediment? The legal impediment is that she did not have knowledge of the clear and convincing proof element. We cited on page- And the Board of Veterans' Appeals has agreed with that approach. On page 26, footnote 4 of our reply, we cite a case where the Board of Veterans' Appeals allowed a marriage to be deemed valid in Utah, a state that does allow common law marriage, and the impediment there was that the spouse was unaware of the requirement that you have to establish a common law marriage within one year of its termination. If there are no further questions, we respectfully ask that the decision of the judgment of the Veterans Court be reversed. Okay, thank you. Thank you. We thank both counsel. The case is submitted. And our next case-